Peelle, Ch. J.,
concurring:
I concur in the conclusion of the court because of the decisions — by a divided court — in the cases of United States v. Lynafa and United States v. Williams (188 U. S., 444 and 485), which were followed by this court in the cases of Walls v. United States (44 C. Cls., 482) and Tompkins v. United States (45 C. Cls., 66), from which no appeal was taken.
The facts in this case are substantially the same as in the Lynah and Williams cases. That is to say, parts of the plantations claimed to have been taken by overflow are, as found in Finding III, situate between high and low water *502 mark and are protected from overflow in times of high water by dikes and embankments constructed by the owners. The lands so situate, as in the Lynah and Williams cases, are dependent upon the ebb and flow of the tide for flooding and drainage purposes.
No part of the land was taken by the Government upon which to construct the dams and retaining walls. On the contrary, as set forth in Finding VI, the dams, retaining walls, and other obstructions are built and maintained “ in and across said river in the bed thereof,” thereby partially obstructing the river and raising the level of the water above its theretofore natural point.
The rule at common law both in England and in this country is that where a private owner suffers damage from a construction of public improvements without an actual entering upon or taking of his land it is damnum absque injuria; or, as was said by the court in the case of Smith v. Corporation of Washington (20 How., 135, 148), “private interests must yield to public accommodation.”
It was also the rule at common law that the soil below high-water mark (bordering on the navigable streams where the tide ebbed and flowed) was held to be in the public, and many of the States still adhere to this rule; but the Supreme Court, under the legislation of Congress, has by its rulings extended the jurisdiction to all waters navigable in fact for the purposes of commerce without regard to the ebb and flow of the tide. (The Propeller Genesee Chief, 12 How., 443; The Magnolia, 20 How., 296; Hine v. Trevor, 4 Wall., 555.) But does this mean that where lands are situate between high and low water mark on navigable streams where the tide ebbs and flows they shall be governed by the common-law rule or by the rule announced by the court in the cases last cited ?
If the Government is to be held liable to riparian owners for injury to their land incidentally resulting from the improvement of the navigable waters, without actually entering upon or taking their land therefor, then the constitutional grant of paramount authority to Congress over such rivers would seem to be subordinate to that of riparian owners.
*503 Suppose an improvement be made to hold the water in the channel and thereby prevent flooding, so essential and necessary to a rice plantation, would that be a taking ? Or, suppose the improvement in the bed of the river had caused, a deflection of the water and permanently submerged the claimant’s land, would that be a taking? This seems to be answered in the case of Bedford v. United States (192 U. S., 217, 225).
No action could be founded for the mere impairment in’ value of lands caused by such improvement-or for injury to a riparian owner’s right of access to such river thereby incidentally taken away. [Gibson v. United States, 166 U. S., 269; Scranton v. Wheeler, 179 U. S., 141; Manigault v. Springs, 199 U. S., 473.)
In the present case the claimant’s lands being situate between high and low water mark they were of course subject to overflow in times of high tide, and therefore necessarily so in times of flood unless protected by dikes and embankments. Such dikes and embankments, as before stated, had been erected by the owners to protect their lands from overflow in times of high water long before the construction of the dams and retaining walls by the Government, and it is but reasonable to suppose that with the expenditure of an additional sum the claimant could have warded off the consequences of the overflow. But as this case seems to be so nearly covered by the Lynah and Williams cases I concur in the conclusion of the court.